RECEIVED

2014 MAY 16  PM 12: 14

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| Anthony D. Hayes, Sr., Secured Party Plaintiff )<br><br>v. )<br><br>DWIGHT COWANS, )<br>TOM LEATHERWOOD, Register of Deeds) And AGENTS,DAVID LENOIR, )<br>County Trustee and AGENTS, )<br>RINOK EMPLOYEE SHARING PROFIT )<br>PLAN,LLC,SHELBY COUNTY )<br>Et Al. Defendants )<br><br>**Defendants sued in their official and private capacity** | Case No. *14-2366*<br><br>COMPLAINT FOR CONSTITUTION STATUTORY VIOLATIONS:<br>FRAUD, CONVERSION<br>Violation of UPU Treaty, Violation of XI-ANU Treaty,<br>RICO,<br><br>RIGHT OF DISCUSSION<br>RIGHT OF RELIEF<br><br>TRIAL BY JURY OF PEERS DEMANDED |

---

## COMPLAINT

---

### TO THE HONORABLE DISTRICT COURT JUDGES

1. COMES NOW, the Plaintiff, Anthony-Decarlo: Hayes, sr., an Indigenous American Indian, In Propria Persona respectfully complains to the court for criminal and civil violations; and Discrimination pursuant to Title 42 U.S.C.A.; 1981, 1983. The Defendants' [Tom Leatherwood, David Lenoir, Dwight Cowans,RINOK PROFIT SHARING,SHELBY COUNTY GOV., and their Agents] conduct shows   malice conspiracy, acts of bad faith, and malicious prosecution for a unlawful Detainer warrant. The Defendants commits acts of FRAUDULENT CONVEYANCE ,UNLAWFUL CONVERSION OF PROPERTY, and RICO and money laundering schemes for collecting special revenue  for personal gain. The Plaintiff was denied the right to be heard in the SHELBY COUNTY CHANCERY COURTS and   filed a Federal District

1

Court complaint case #2:12-cv-02665JDT/dkv was filed that is pending before the Sixth Circuit Court of Appeal case #13-6282, that the Defendants are well aware of and knew that they are parties to the suit. In addition, the Defendants have violated Basic contract law .Defendants cannot and will not be able to provide a contract that was entered into with the Plaintiff for property tax. The Plaintiff's Treaties; Universal Postal Treaty for the Americas 2010 and the XI-ANU NATION TRIBAL TRUST and Treaty are as a protected Class of People has been violated. This collection of special revenue of the Defendants violates the IRC Title 26 Et. Seq., In addition, the Plaintiff is protected by Title 18 U.S.C.A.112, as a protected foreign official and international protected class guaranteed by U.S. Constitution as well as, violations and Discriminatory practices of Human Rights Violations pursuant to the United Nation Declaration on the Rights of Indigenous People resolution that was affirmed by the General Assembly session of the 61/295 resolution as to all matters. The Defendants have vehemently and blatantly disregarded the Constitution Bill of Rights for the 1, 4, 5,6,7,8 and 9th Amendment Rights , and the Tennessee Uniform Commercial Code regarding collateral covered by the above referenced treaties and the United Nations. The Defendants: (Dwight Cowans, David Lenoir, Tom Leatherwood and RINOK PROFIT SHARING PLAN,LLC; SHELBY COUNTY GOV.) have **deprived the plaintiff by altering Plaintiffs' Property Deed to create a sell to the collateral without a transfer document which is in violation T.C.A.. 47-9-619 et seq. Defendants are fully aware of this procedure and continuously ignore the laws set forth regarding such.**

   a. The Defendants have violated the Sherman and Clayton Antitrust Laws ,as Tom Leatherwood is the only office to register deeds and documents and did not file document properly, David Lenoir claims that his office have a contractual relationship with the Plaintiff to collect property Tax, SHELBY COUNTY GOV. and County Attorneys', have conspired with said Defendants while operating under color of Law in order to facilitate violation of Due Process of Law regarding the Plaintiff; and although a case was filed before the District court and Sixth Circuit Court of Appeal, the Defendants; committed Breach of Oath of their Offices, along with committing TREASON by violating the Supreme Law of the

2

Land; Organic Constitution for the United States of America and the Organic Constitution of the Republic of Tennessee, and Contract Law. The Plaintiff, Anthony-D.: Hayes, Sr., (Secured Party), is a live breathing flesh and blood Man, with proof of life documents who is located in Memphis; Shelby County in the Republic of Tennessee and comes In Propria Persona, an Indigenous American Indian, family Dawes roll ancestry 3252 Archive ID 124290 and would show respectfully to the court:


## JURISDICTION

1.    This matter is brought before this court pursuant to The Racketeer Influenced and Corrupt Organization (RICO) Act, under 18 U.S.C. § 1964(c), 18 U.S.C. §§ 1961-1968, *as amended,* and 42 U.S.C. § 1983. The Western District Federal Court of The State of Tennessee has jurisdiction in this matter pursuant to 18 U.S.C. § 1964(a), 28 U.S.C. §§ 1331 and 1339. To wit remedy can be obtained through Title 42 U.S.C.A. 1983, and 1988.

2.    The Defendants named have engaged in a number of state and federal predicate crimes under the federal civil RICO statutes cited above, including but not limited to both mail and wire fraud under 18 U.S.C. §§ 1341 and 1343 to wit remedy maybe obtained through Title 42 U.S.C.A. 1983,and 1988

3.    The federal law of the preceding paragraph is not in any "direct conflict" with any laws of the State of Tennessee and specifically does not "invalidate, impair, or supersede" any laws of these States which regulate matters and issues that this complaint is pertaining to.

4.    That the pendent claims herein complained by Plaintiff allege that Defendants violated Tennessee Code Annotated 47-9-101 *et. Seq. (Uniform Commercial Code-Secured Transactions)* to wit remedy can be obtained through Title 42 U.S.C.A. 1983, and 1988.

## VENUE

5.      The Western District Court of Tennessee is the appropriate venue in this matter pursuit to 28 U.S.C. § 1391 and that the events occurred in Memphis, Tennessee and the Plaintiff domiciles within Memphis Shelby County, Tennessee. Finally, all Defendants in this matter do business and/or reside in Memphis, Germantown, and Shelby County, Tennessee.

## PARTIES

2.  Plaintiff, Anthony D. Hayes, Sr,(herein after referred to as Secured Party/Representative) is an Indigenous American Indian with proof of life documents as the living beneficiary of the Debtor ANTHONY D.HAYES,SR,. Secured Party is located and is the overseer of the real property located at 4554 Tammy Cove, Memphis ,TN [38116]

3.  Defendant, Dwight Cowans, (herein after referred to as Mr. Cowans) is a Citizen of Germantown ,TN with his residence located at 1870 Glenbuck Cove N, Germantown,TN 38139 and at all times pertaining to this matter the Defendant purchased the Private real property located at 4554 Tammy Cove ,Memphis,TN on or about January 9,2013 with a confirmation from the Shelby County Chancery Court without satisfying lien secured on property.

4.  Defendant, David Lenoir (hereinafter referred to as the "Shelby County Trustee") is the Shelby County Trustee that gave sworn information on or about April 1,2011 that was erroneous information to the Shelby County Court to create a fraudulent conveyance and unlawful conversion to sell the real Property located at 4554 Tammy Cove,Memphis,TN, and although a case was filed in the Federal District court the Defendant conspired with Tom Leatherwood, the Register of Deeds Memphis, Tennessee with his principal offices located at 160 Adams, Memphis, and Shelby County, Tennessee 38103.

6. Defendant, Tom Leatherwood,( hereinafter referred to as the "Shelby County Register of Deeds") failed to properly file financing statement and lien that was filed under miscellaneous and also provided erroneous information to the Shelby County Court to create a conversion to sell the Private real Property located at 4554 Tammy Cove,Memphis,TN, and although a case was filed in the Federal District court the Defendant conspired with David Lenoir, the Shelby County Trustee, with his principal offices located at 1075 Mullins Station, Ste W165 Memphis, TN 38134, who has been served at the Office of the Shelby County Attorney, located at 160 N. Main Street, Suite 600, Memphis, TN 38103.

7. Defendant ,SHELBY COUNTY,( hereinafter referred to as the "Shelby County ") is a County Corporate municipality which acted under Color of Law  through its courts  and County Attorney representatives that participated along with  the County Register and Trustee to make claim that the Plaintiff  had a contractual relationship and was a tenant instead as Secured Party representative and overseer to private real property located at 4554 Tammy Cove,Memphis,TN. The Shelby County  Corporate Government  are located at  160  N. Main Street ,Suite 600 ,Memphis,TN 38103,with its Corporate Courts locate at 160 Adams, Memphis,TN 38103.

8. Defendant ,RINOK PROFIT SHARING PLAN,LLC,( hereinafter referred to as the "RINOK ") is LLC Profit Sharing Corporation which is owned by Dwight Cowans who is a property investor who made an improper purchase to the Collateral located at 4554 Tammy Cove,Memphis,TN with its principal office located at 1870 Glenbuck Cove N, Germantown,TN 38139 and at all times relevant to this matter the Defendant purchased the Private real property located at 4554 Tammy Cove ,Memphis,TN without satisfying lien secured on property.

l.    Hindering secured creditors--- T.C.A. 39-14-116

m.    Extortion---Title 18, U.S.C §878, Threats and extortion against foreign officials

n.    Lien securing right to payment- T.C.A. 47-9-203 (g)

o.    Rule requiring filing a financing statement to perfect "all" security interest. T.C.A. 47-9-310 (A)

p.    Disposition of collateral –47-9-315 (a), 1 & 2 and (c)

q.    Priorities among conflicting security Interest in same collateral----- 47-9-322 (a) 1 &2

r.    Disposition of collateral after default----47-9-610

s.    Transfer of record or legal title-----      47-9-619(a) and (b)

t.    Possession of Stolen goods-------USC sec.2315

u.    Theft of property--------------------T.C.A. 39-14-103

v.    Offenses against property-------- T.C.A 39-14-105

w.    Uniform Fraudulent Transfer (Conveyance) Act- Title 66-3-305 (a),(b)

x.    False entries and reports of moneys or securities- 18 USC ,part 1, ch.101, sec. 2073.

11.   That Defendants: Tom Leatherwood, David Lenoir, SHELBY COUNTY GOV. and its Attorney Agents conspired and operated under color of Law through the Shelby County Chancery Court to alter the Deed at the real property at 4554 Tammy Cove in order to place property in a Debtor's name, ANTHONY D.HAYES,SR, to effect a property tax sale. Although, the taxes, had been paid by others means of payments. There was a dispute to this matter, before the District court, case #2:12-cv-02665JDT/dkv was filed that is pending before the Sixth Circuit Court of Appeal case #13-6282, about this matter of the payment of property tax of the Collateral of the Plaintiff who is the Secured Party. The Defendant David Lenoir ,trustee  filed a false claim for property tax although Plaintiff made attempts to pay by other means of payment that is satisfied by title 31 C.F.R 5118 2 (d) pursuant to public policy HJR-192 and Public Law 73-10 and Uniform Commercial Code 10-104. The Defendant Tom Leatherwood purposely mandated that his agents file financing statements of American Indians  under **miscellaneous** which defrauds the Secured Party because any financing statements and liens to any collateral would not be found until later after purchaser/investors has filed a Detainer warrants to take possession of collateral. The Defendants actions violated TCA 47-9-101 et seq.;47-9-109,Part d,11 (a),47-9-201(a),47-9-203,47-9-310(a),47-9-315 (a)

7

FACTS

9.   The Plaintiff, Anthony D. Hayes, Sr, is the Secured Party and Indigenous American Indian with proof of life documents as the living beneficiary of the Debtor ANTHONY D.HAYES,.ESTATE The Secured Party is located and is the overseer of the real property located at 4554 Tammy Cove, Memphis, TN [38116]

10.   That on or about May 2, 2014, the Defendant, Mr. Cowans, the owner of RINOK, filed a fraudent Detainer warrant to take possession of the real property located at 4554 Tammy Cove, Memphis, TN claiming ownership. The Plaintiff, the secured Party has a perfected financing statement and security agreement along with a  lien of $ 500,000.00 (Five hundred Thousand Dollars) filed to the real property at 4554 Tammy Cove ,Memphis,TN registered in the Shelby County Register's office under Instrument # 10016178 that was also filed with the Secretary of the State of Tennessee under TN# 309062877. These documents were also filed nationally within the State of Washington and the State of Kentucky#2008-2349929-08.02. The Defendants   action violated TCA 47-9-101 et seq.;47-9-109,Part d,11 (a),47-9-201(a),47-9-203,47-9-310(a),47-9-315  (a) 1.,2.,47-9-619 9. (a) (b),47-9-203 (g). The Defendants actions also violate the united states code annotated for:  CRIME VIOLATIONS State and Federal

    a.      Mail fraud---------18 USCA §1341-1347

    b.      Tortious interference with an agreement between the parties with contractual relations T.C.A. 47-9-201 (A)

    c.      Wire Fraud-----18 USCA §1343

    d.      Perjury--------T.C.A. 39-16-702

    e.      Conspiracy--------T.C.A. 39-12-103 and Title 18 section 241

    f.      Conspiracy to interfere with civil rights-- USC ,Title 42 ,section 1985 (3), 1983

    g.      Color of Law violation--------Title 18, section 242

    h.      Falsifying Records-------U.S.C., Title 18, part 1, chapter 101(b)

    i.      Removing Records-----U.S.C. Title 18, Part 1, Chapter 101 (a) section 2071

    j.      MONEY LAUNDERING----T.C.A. 39-14-903 (B) (1)

    k.      Obstructing service in a civil matter -----T.C.A.39-16-104 (C)

6

1.,2.,47-9-619 9. (a) (b).,47-9-204(g). The Defendants actions also violate the United States Code Annotated for :   CRIME VIOLATIONS State and Federal

- a. Mail fraud---------18 USCA §1341-1347

- b. Tortious interference with an agreement between the parties with contractual relations T.C.A. 47-9-201 (A)
- c. Wire Fraud-----18 USCA §1343
- d. Perjury--------T.C.A. 39-16-702
- e. Conspiracy--------T.C.A. 39-12-103 and Title 18 section 241
- f. Conspiracy to interfere with civil rights-- USC ,Title 42 ,section 1985 (3), 1983
- g. Color of Law violation--------Title 18, section 242
- h. Falsifying Records-------U.S.C., Title 18, part 1, chapter 101(b)
- i. Removing Records-----U.S.C. Title 18, Part 1, Chapter 101 (a) section 2071
- j. MONEY LAUNDERING----T.C.A. 39-14-903 (B) (1)
- k. Obstructing service in a civil matter -----T.C.A.39-16-104 (C)
- l. Hindering secured creditors--- T.C.A. 39-14-116
- m. Extortion---Title 18, U.S.C §878, Threats and extortion against foreign officials
- n. Lien securing right to payment- T.C.A. 47-9-203 (g)
- o. Rule requiring filing a financing statement to perfect "all" security interest. T.C.A. 47-9-310 (A)

- p. Disposition of collateral –47-9-315 (a), 1 & 2 and (c)
- q. Priorities among conflicting security Interest in same collateral-----47-9-322 (a) 1 &2

- r. Disposition of collateral after default----47-9-610
- s. Transfer of record or legal title-----    47-9-619(a) and (b)
- t. Possession of Stolen goods-------USC sec.2315
- u. Theft of property--------------------T.C.A. 39-14-103
- v. Offenses against property-------- T.C.A 39-14-105
- w. Uniform Fraudulent Transfer (Conveyance) Act- Title 66-3-305 (a),(b)
- x. False entries and reports of moneys or securities- 18 USC ,part 1, ch.101, sec. 2073.

## CAUSE OF ACTION
## STATEMENT OF CLAIMS
## FIRST CAUSE OF ACTION

**For Title 18 U.S.C.A 241,242,  for Conspiracy and color of law violation, 47-9-101 *et seq.*, T.C.A. 39-12-103 for Conspiracy, T.C.A.39-16-702  for Perjury, TUCC 47-9-101 et. seq. and 47-9-201 (A), for tortious interference with an agreement between the parties with contractual relations, T.C.A. 47-9-203(g) lien securing right to payment, violation of Sherman Act 15 U.S.C 1-7, Clayton Act 15 U.S.C.12-27, antitrust laws, a.) FRAUDULENT CONVEYANCE ,UNLAWFUL CONVERSION OF PROPERTY, and remedy per 42 U.S.C.A.1988**

### a.) FRAUDULENT CONVEYANCE ,UNLAWFUL CONVERSION OF PROPERTY

Conversion is a tort that exposes you to liability for damages in a civil lawsuit. It applies when someone intentionally interferes with personal property belonging to another person. To make out a conversion claim, a plaintiff must establish four elements:

- First, that the plaintiff owns or has the right to possess the personal property in question at the time of the interference;

- Second, that the defendant intentionally interfered with the plaintiff's personal property (sometimes also described as exercising "dominion and control" over it);

- Third, that the interference deprived the plaintiff of possession or use of the personal property in question; and

- Fourth, that the interference caused damages to the plaintiff.

12.    Plaintiff re-alleges all allegations contained in Paragraphs 1- 11 of the Complaint are incorporated herein as if set forth in full and that the Defendants actions violate crimes noted in paragraph 11. a-x; and that on April 1, 2011, erroneous information was swore to before the Shelby County Chancery Court to certify a bill was due for Taxes to affect a tax sale although there was not a contract entered between Plaintiff and the Defendants [Tom Leatherwood,

9

David Lenoir, RINOK, SHELBY COUNTY GOV. Attorneys and Agents]. The named Defendants violate the Tennessee code annotated Title 47 – **ARTICLE 9 – SECURED TRANSACTIONS.,** Tenn. Code Ann. §§ 47-9-101 *et seq.*, and T.C.A. 39-12-103 for Conspiracy, T.C.A.39-16-702 for Perjury, TUCC 47-9-101 et. seq. and T.C.A. 47-9-201 (A), for tortious interference with an agreement between the parties with contractual relations. That on January 9,2013 a sale was transacted by the Shelby County Gov. to sale the collateral at 4554 Tammy Cove ,Memphis,TN to RINOK PROFIT SHARING PLAN and confirmed without a transfer statement being signed by the Secured Party,[Anthony D.Hayes,Sr.] and owner of the property at 4554 Tammy Cove ,Memphis,TN. The named Defendants conspired and acted under color of law to carry out sale within the Shelby County Chancery Court and that sale was improper in violation of title 18 U.S.C.A. 241 and 242 The Defendants failed to have transfer statement signed by Secured Party and interfered with security agreement and lien of Debtor and Secured Party violating T.C.A. 47-9-201 (A), That on February 18, 2010 the Plaintiff filed a perfected financing statement, security agreement, and lien with the Tennessee Secretary on 11/20/09 under #309-062877 and filed under instrument number #1001678 in the Shelby County Register of Deeds, Tom Leatherwood's Office, a $500,000 Thousand Dollar lien was attached with this filing and lien was not satisfied at time of sale to this collateral which violates T.C.A.47-9-203 (g).This filing was filed in miscellaneous along with approximately 30 other Indigenous American Indian financing statements for the purpose of defrauding the Plaintiff, the public and other Secured Parties of record with superior standing. The Defendants purport to reverse the rolls of the party with standing that would allow the party without standing to prevail and illegally remove collateral without due process.

13. **As Per the Laws of the Land of America and under the following:**

Plaintiff re-alleges all allegations contained in Paragraphs 1- 12 of the Complaint are incorporated herein as if set forth in full and that the Defendants actions violate Paragraph 11. a-x and also the organic Constitution for the united states of America ,as well, as for the organic Constitution of the Republic of Tennessee; Tenn. Code Ann. §§ TUCC 47-9-101 et. seq T.C.A.47-9-109,Part d,(11)(a),47-9-201(a),47-9-203,47-9-310(a),47-9-315 (a) 1.,2.,47-9-619 9. (a) (b).,47-9-203(g)..; and 47-9-201(A), for tortuous

interference with an agreement between the parties with contractual relations. The **Plaintiff** now brings forth the following **Rights** to be Settled per the **Law**. As per[David Lenoir, Tom Leatherwood, Shelby County Gov.],several different corporate personnel both commercial and governmental has been acting as QUASI TRUSTEES. (A person who reaps a benefit from a breach of trust, and so becomes answerable as a trustee. Lewin, Trusts, (4th Ed.) 592, 638.) **Consequently there are no contract to justify the lawful sale of the Plaintiff's collateral at 4554 Tammy Cove, Memphis, TN.**

14. **RIGHT OF ACTION**. Plaintiff re-alleges all allegations contained in Paragraphs 1- 13 of the Complaint are incorporated herein as if set forth in full and that the Defendants actions violate crimes noted in paragraph 11. a-x. The right to bring suit; a legal right to maintain an action, growing out of a given transaction or state of facts and based thereon. The Defendants are guilty of violating the Tennessee Uniform Commercial Code Title 47-9-101 *et seq.*, All Defendants violated and participated in FRAUD, Breach of Fiduciary Responsibility, Breach their Oath of Office which also is in Violation of the Uniform Commercial Code which is derived by Public Policy, Act of Congress, House Joint Resolution 192 codified at 48 Stat. 112 (June 5, 1933); Public Law 73-10, and for violation of the united states criminal code for  the RICO ACT  Title 18 U.S.C. §§ 1961-1968 and Title 18 USC § 241,242 for deprivation of right under color of law and for conspiracy to commit fraud through Wire fraud ,Mail Fraud through Intranet to create an improper sale of collateral. The Defendants conduct violates the Sherman Act 15 U.S.C 1-7, Clayton Act 15 U.S.C.12-27, antitrust laws by monopolizing property sales .

15. **RIGHT OF DISCUSSION**: Plaintiff re-alleges all allegations contained in Paragraphs 1- 14 of the Complaint are incorporated herein as if set forth in full and that the Defendants actions violate crimes noted in paragraph 11. a-x. The right which the cautioner (surety) *[the Soul as the vested individual over our individual American and State combined Fide Commissary account]* has to insist that the creditor *[the Secured Party, **Anthony D.Hayes, Sr.,**]* shall do his best to compel the performance of the contract by the **principal debtors :**

*[,SHELBY COUNTY TRUSTEE, DAVID LENOIR,SHELBY COUNTY REGISTER'S,TOM LEATHERWOOD,SHELBY COUNTY GOV,DWIGHT COWANS,RINOK PROFIT SHARING], or whoever our contract was with; the Federal Reserve System and the STATE or UNITED STATES corporation.],* before he shall be called upon.

## CAUSE OF ACTION
## STATEMENT OF CLAIMS
## SECOND CAUSE OF ACTION

**For violation of Title 42 U.S.C.A. 1981, 1983, violation of Title 18 U.S.CA.241,242, violation of Sherman Act 15 U.S.C 1-7, Clayton Act 15 U.S.C.12-27 antitrust laws Violation of U.S.C.A for Mail Fraud 18 USCA §1341-1347, Wire Fraud 18 USCA §1343 and remedy per Title 42 U.S.C.A.1988**

16. Plaintiff re-alleges all allegations contained in Paragraphs 1- 15 of the Complaint are incorporated herein as if set forth in full and that the predicate crimes committed by the named Defendants [TomLeatherwood,David Lenoir,Shelby County Gov., Dwight Cowans, and Rinok Profit Sharing], in furtherance of their illegal scheme are enumerated and listed above in paragraphs; 11. Crimes Violation--- a- x. That on April 1, 2011 the Defendants has failed to provide equal protection under the law as it provides for other Caucasian counter- parties thereby discrimination on Indigenous American Indians violating title 42 U.S.C.A.1981. The Defendants sold Plaintiff's collateral on January 9, 2013 and confirmed the sale by the Shelby County Chancery Court on February 26, 2013 without ever notifying Plaintiff and failed to provide due process of law pursuant to Title 42 U.S.C.A. 1981, 1983, and failed to fully disclose the truth and information regarding the sale of the property at 4554 Tammy Cove, Memphis,TN that was illegally presented by the Defendants [Tom Leatherwood, David Lenoir, Dwight Cowan, RINOK and SHELBY COUNTY GOV. The Defendants :(Tom Leatherwood, David Lenoir, Shelby County Gov.,Dwight Cowan and Rinok Sharing), participated, conspired, to effect a sale

12

of the Plaintiff's collateral without a proper transfer statement and satisfy lien to collateral. That it was only found out when the plaintiff was called to defend an unlawful Detainer warrant in the Shelby County General Sessions Court on May 2, 2014, #1681460. That on or about April 1, 2011, the Defendant SHELBY COUNTY GOV Tom Leatherwood, and David Lenoir committed and violated Title 18, section 241,242; for Conspiracy and Color of Law, for a fraudulent sale of the Plaintiff's collateral at 4554 Tammy Cove, which this matter had been challenged before the Chancery Court without the Plaintiff ever being given notice or an opportunity to be heard, therefore, Plaintiff filed before the U.S. District Court. Plaintiff asserts that this cause of action arises as a result of the damages intentionally caused by the defendants' willful and malicious conduct to conspire and commit theft of property under FRAUD and DECEPTION, by Mail Fraud Title 18 USCA §1341-1347, Wire Fraud Title 18 USCA §1343 posting sale in the newspaper, internet advertisement, and misleading communication to the public by identifying themselves as being Trustees in regards and relations to the aforementioned collateral whereas, Title 42 USCA.1988 provides remedy for such actions. The Plaintiff has been counseled by a private counselor for emotional distress. The emotional stress caused by Defendents in this matter has caused extreme mental exhaustion and severe damage while dealing with this in particular.

## STATEMENT OF THE CLAIMS

### For Violation of The Racketeer Influenced and Corrupt Organization (RICO) Act, under 18 U.S.C. § 1964(c), 18 U.S.C. §§ 1961-1968 remedy per Title 42 U.S.C.A.1988
### THIRD CAUSE OF ACTION

17. Plaintiff re-alleges all allegations contained in Paragraphs 1- 16 of the Complaint are incorporated herein as if set forth in full and that the predicated crimes committed by the named Defendants [TomLeatherwood,David Lenoir,Shelby County Gov.,Rinok Profit Sharing], Furthermore, their illegal schemes are enumerated and listed above in paragraphs; 11. Crimes Violations--- a- x. That the named Defendants:[David Lenoir,Tom Leatherwood,Shelby County Gov.,Rinok Profit Sharing,Dwight Cowans] Continuity of criminal activity through predicated acts, as well as establish a pattern of

threat of long-term racketeering activity, or where the predicate acts are part of an ongoing entity's regular way of doing business, or of conducting or participating in an ongoing and legitimate RICO enterprise. 18 U.S.C.A. § 1961(5).The Plaintiff allege that the named Defendants engaged in a scheme to deprive the Plaintiff, who had perfected, priority liens on the collateral  referenced throughout this complaint, of that collateral without obtaining proper transfer statements from the Plaintiffs, by resorting to a number of predicate criminal offenses committed in furtherance of the illegal scheme. The Defendants: David Lenoir transacted a sale of $35,000 thousand dollars for this collateral which was conflicting fiduciary transaction due to an under value of lien amount on property and excessive overage of alleged property tax bill.

RELIEF SOUGHT

WHEREFORE Plaintiff Hayes demands judgment against the defendants, jointly and severally, as follows: a) that Defendant's sale is voided out and Plaintiff Deed to collateral property is corrected : :( Dwight Cowans,Tom Leatherwood, David Lenoir and SHELBY COUNTYGOV. , Dwight Cowan, RINOK PROFIT SHARING,And its Agents), are held liable,

b.) that the Defendants be required to satisfy Plaintiff's lien to collateral of real property located a 4554 Tammy Cove, Memphis, TN [38116] for $500,000 thousand Dollars and or void sale.

c.) That each Defendants are charged with punitive damages of $500,000 thousand Dollars each to further prevent future violations against the public and Indigenous People.

d.) That the Plaintiff is not required to pay property tax on his private real property based on his Indigenous American Indian status and proof of life as a Living Beneficiary and ancestor of his Great Grand mother Mary Ship who was a Chickasaw Indian found on the Dawes rolls , family ancestry 3252 Archive ID 124290.

racketeering activity for purposes of Racketeer Influenced and Corrupt Organizations Act (RICO), refers either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition; closed-ended continuity may be established by a series of related predicates extending over a substantial period of time, while open-ended continuity may be established where the related predicates themselves involve a distinct threat of long-term racketeering activity, or where the predicate acts are part of an ongoing entity's regular way of doing business, or of conducting or participating in an ongoing and legitimate RICO enterprise in violation of 18 U.S.C. § 1964(c), 18 U.S.C. §§ 1961-1968. The Plaintiffs asserts that the named Defendants engaged in a scheme to deprive the Plaintiff, who had a perfected, priority lien on the collateral referenced throughout this complaint, of that collateral without obtaining proper transfer statements from the Plaintiff, by resorting to a number of predicated criminal offenses committed in furtherance of the illegal scheme as outline at paragraph 11. Crime violations a-x.

18.  Plaintiff re-alleges all allegations contained in Paragraphs 1- 17 of the Complaint are incorporated herein as if set forth in full and that the  predicated crimes committed by the named Defendants [Tom Leatherwood, David Lenoir, Shelby County Gov., Dwight Cowan, Rinok Profit Sharing], in furtherance of their illegal scheme are enumerated and listed above in paragraphs; 11. Crime Violations--- a- x. That on April 1, 2011 the Defendants has failed to provide equal protection under the law as it provides for other Caucasian counter- parties thereby discrimination on Indigenous American Indians violating title 42 U.S.C.A.1981. The Defendants sold Plaintiff's collateral on January 9, 2013 and confirmed the sale by the Shelby County Chancery Court on February 26, 2013 without ever notifying Plaintiff and failed to provide due process of law Continuity of criminal activity through predicate acts, as will establish a pattern of racketeering activity for purposes of Racketeer Influenced and Corrupt Organizations Act (RICO), refers either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition; closed-ended continuity may be established by a series of related predicates extending over a substantial period of time, while open-ended continuity may be established where the related predicates themselves involve a distinct

14

e) The defendants each be required to compensate plaintiff in the amount of $500,000 in compensatory damages and further as the court see fit.

## CONCLUSION

In Conclusion in the merits of this case "all Defendants officials" their conduct and actions result in deliberate fraudulent conveyance , unlawful conversion and the breach of trust of their oath of office and the participation to commit RICO, through and by color of Law  by the Shelby County Court and violate the Constitution and Laws for the united States of America and the United Nation Declaration on the Rights of Indigenous People resolution that was affirmed by the General Assembly session of the 61/295 resolution  that discriminates against the plaintiff and that the facts and evidence presented are unjust, retaliatory, malicious, arbitrary and capricious towards the Plaintiff.

Respectfully Submitted,

*anthony decarlo hayes,sr©*, **Secured Party Interest Intervenor,** Authorized Agent For:
ANTHONY D.HAYES,SR.© (ens legis)
c/o 4554 Tammy Cove.
Memphis, TN [38116] 901-461-7800

Date  _May 16, 2014_

### **VERIFICATION**

STATE OF TENNESSEE  )
COUNTY OF SHELBY    )

Anthony D.Hayes,Sr. In Propria Persona

### **CERTIFICATE OF SERVICE**
The undersigned hereby certify that a copy of the foregoing was served on Defendants via certified U.S. Mail on this the 16th day of May, 2014.

16