IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ANTHONY D. HAYES, SR.,
Secured Party,

       Plaintiff,

vs.                                              No. 14-2366-STA-dkv

DWIGHT COWANS;
TOM LEATHERWOOD, Register of Deeds;
DAVID LENOIR, Shelby County Trustee;
RINOK EMPLOYEE SHARING PROFIT PLAN, LLC;
and SHELBY COUNTY; in their individual
and official capacities,

       Defendants.

REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL

On May 28, 2014, the plaintiff, Anthony D. Hayes, Sr., a resident of Shelby County, Tennessee, proceeding *pro se,* filed a complaint entitled "Complaint for Constitution [sic] Statutory Violations: Fraud, Conversion, Violation of UPU Treaty, Violation of XI-ANU Treaty, RICO, Right of Discussion, Right of Relief and Estoppel." (Compl., ECF No. 1.)  The complaint was accompanied by a motion seeking leave to proceed *in forma pauperis*. (ECF No. 2.)  On May 20, 2014, the court issued an order granting Hayes leave to proceed *in forma pauperis*. (ECF No. 4.)  Thereafter, on May 28, 2014, Hayes filed a pleading entitled "Notice to Remove," pursuant to 28 U.S.C. § 1441, which

1

purports to be a motion to remove a pending detainer action in the General Sessions Court of Shelby County, Tennessee, Case No. 1681460, to this court based on federal-question jurisdiction. (Notice, ECF No. 4.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.) For the reasons that follow, it is recommended that this case be dismissed for lack of subject-matter jurisdiction and/or for failure to state a claim and that the motion for removal be denied.

## I. PROPOSED FINDINGS OF FACT

This is primarily an action to prohibit or forestall a detainer action in the General Sessions Court of Shelby County, Tennessee, in which the defendants Cowans and Rinok Employee Sharing Profit Plan, LLC, seek possession of real property located at 4554 Tammy Cove, Memphis, Tennessee 38116. According to the records of the Register's Office, the property located at 4554 Tammy Cove, Memphis, Tennessee, was sold at a tax sale on January 9, 2013; the sale was confirmed by the Chancery Court of Shelby County, Tennessee on February 26, 2013, by decree of record; and the property was transferred to Rinok Employee Profit Sharing Plan on March 4, 2013 by a Clerk and Master's Tax Deed, subject to a one-year equity of redemption and subject to

all taxes not sued for which remained unpaid after the application of the proceeds as provided in said Decree. (Clerk and Master's Tax Deed, Shelby County Register's No. 13028886.) The one-year equity of redemption period commenced to run on February 26, 2013. (*Id.*)

Hayes names five defendants in his complaint: (1) Dwight Cowans; (2) Tom Leatherwood, the Shelby County Register of Deeds; (3) David Lenoir, the Shelby County Trustee; (4) Rinok Employee Sharing Profit Plan, LLC; and (5) Shelby County Register. (Compl. 1, ECF No. 1.)

In the "Parties" section of the complaint, Hayes alleges that the defendant Cowans is a citizen of Germantown, Tennessee, who purchased the subject property at the tax sale on January 9, 2013, and who is the owner of the defendant Rinok Profit Sharing Plan ("Rinok"). (*Id.* at 4-5.) Hayes further alleges that Cowans and Rinok purchased the subject property without satisfying a lien which he himself placed on the property. (*Id.*)

In the "Facts" section of his complaint, Hayes alleges that the defendants Leatherwood, Lenoir, and Shelby County and its agents altered the deed to the subject property and conspired to list the subject property in a delinquent tax sale lawsuit in Chancery Court, although the property taxes had been paid "by other means." (*Id.* at 7.) He alleges that Lenoir filed a

false claim for property tax. Hayes claims that he perfected a financing statement and security agreement along with a lien of $500,000 against the subject property and recorded it in the Shelby County Register's office under Instrument No. 10016178, but that Leatherwood committed fraud by incorrectly filing financing statements of American Indians, which Hayes claims to be in a "miscellaneous" category that precluded purchasers of the subject property from being aware of a lien on the subject property. (*Id.* at 6.) According to the official records of the Shelby County Register's Office, the lien was recorded on February 18, 2010.

Hayes repeatedly claims that he was denied the right to be heard in Chancery Court and filed a complaint in this federal court that is currently pending before the Sixth Circuit Court of Appeals, and the defendants were aware of the lawsuit and were parties to the lawsuit. (*Id.* at 1, 2, 5, 13.) Indeed, Hayes filed a previous lawsuit in this district on July 27, 2012, to prohibit the tax sale of the same property, 4554 Tammy Cove, Memphis, Tennessee, and to discharge certain debts.[1] *Hayes*

_____

[1] Hayes is no stranger to federal litigation. Hayes has filed at least nine *pro se* federal lawsuits in the last eight years (not including any state lawsuits). Hayes is a former City of Memphis police officer. He filed a number of lawsuits against the City of Memphis that culminated in a settlement on January 20, 1999, pursuant to which in exchange for $643,000, Hayes agreed to resign his position with the Memphis Police Department ("MPD") and release all claims related to his

*v. Shelby Cnty. Tr., et al.*, No. 12-2665-JDT-dkv (W.D. Tenn. Sept. 5, 2013). In that case, Hayes also alleged that Leatherwood discriminated against a certain class of people by filing their documents as "miscellaneous." By order dated September 5, 2013, that case was dismissed *sua sponte* for failure to state a claim upon which relief can be granted and for lack of jurisdiction, and judgment was entered on September 6, 2013. *See id.* Hayes appealed the order of dismissal to the Sixth Circuit Court of Appeals, but on November 12, 2013, the appeal was dismissed for want of prosecution. Thus, the ruling in Case No. 12-2665 is final.

In the complaint in this case, Hayes further alleges that on or about May 2, 2014, the defendant Cowans filed a "fraudulent" detainer action in the General Sessions Court of Shelby County Tennessee Case No. 1681460, claiming to be the

---

employment with MPD. These lawsuits included *Hayes v. Herenton*, No. 95-2969-MlV (W.D. Tenn.)(filed December 5, 1995); *Hayes v. City of Memphis*, No. 97-2197- MlV (W.D. Tenn.)(filed Mar. 5, 1997); and *Hayes v. City of Memphis*, No. 98-2319-MlV (W.D. Tenn.)(filed Apr. 8, 1998). After his settlement, Hayes filed other lawsuits: *Hayes v. City of Memphis*, No. 00-2560-M1A (W.D. Tenn.)(filed June 27, 2000); *Hayes v. City of Memphis*, No. 01-2695-GA (W.D. Tenn.)(filed Aug. 30, 2001); *Hayes v. U.S. Treasury, et al.*, Case No. 12-2297 -JDT-cgc (W.D. Tenn.)(filed Apr. 16, 2012)(involving an IRS refund and allegations under the Fair Credit Reporting Act).

Hayes currently has pending two other *pro se* federal lawsuits in addition to this one: (1) *Hayes v. City of Memphis*, Case No. 12-2253-JDT-tmp (W.D. Tenn.)(filed Mar. 29, 2012) (alleging workplace violence); and (2) *Hayes v. Wharton*, Case No. 11-2193-JDT-tmp (W.D. Tenn.)(filed Mar. 14, 2011)(employment discrimination).

owner of the subject property. Hayes alleges the following bases for this court's jurisdiction:

> This matter is brought before this court pursuant to The Racketeer Influenced and Corrupt Organization (RICO) Act, under 18 U.S.C. § 1964(c), 18 U.S.C. §§ 1961-1968, as amended, and 42 U.S.C. § 1983. The Western District Federal Court of The State of Tennessee has jurisdiction in this matter pursuant to 18 U.S.C. § 1964(a), 28 U.S.C. § 1331 and 1339. To wit remedy can be obtained through Title 42 U.S.C. 1983 and 1988.

(Compl. 3, ECF No. 1.)

The complaint sets forth three "causes of action" with various claims under each "cause of action": (1) "First Cause of Action" – "Fraudulent conveyance, unlawful conversion of property and remedy per 42 U.S.C.A. 1988"; (2) "Second Cause of Action" – "For violation of Title 42 U.S.C.A. §§ 1981, 1983, violation of Title 18 U.S.C.A. 241, 242, violation of the Sherman Act 15 U.S.C. 1-7, Clayton Act, 15 U.S.C. 12-27 antitrust laws, Violation of U.S.C.A. for Mail Fraud 18 USCA §1341-1347, Wire Fraud 18 USCA §1343 and remedy per Title 42 U.S.C.A. 1988"; and (3) "Third Cause of Action" – "Violation of The Racketeer Influenced and Corrupt Organization (RICO) Act, under 18 U.S.C. §1964(c), 18 U.S.C. §§ 1961-1968 remedy per Title 42 U.S.C.A. 1988." (*Id.* 9-14.)

For relief, Hayes seeks compensatory damages in the amount of $300,000 from each defendant; punitive damages in the amount of $500,000 from each defendant; that the defendants be required

to satisfy his lien on the subject property; and that he not be required to pay the property tax on the subject property "based on his Indigenous American Indian status and proof of life as a Living Beneficiary and ancestor of his Great Grandmother Mary Ship who was a Chickasaw Indian." (Compl. 15-16, ECF No. 1.)

## II. PROPOSED CONCLUSIONS OF LAW

### A. 28 U.S.C. § 1915(e)(2) Screening

This report and recommendation will constitute the court's screening. The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action —

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

### B. Standard of Review for Failure to State a Claim

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as

true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Iqbal*, 556 U.S. at 681)(alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 Fed. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 Fed. App'x 836, 837 (6th

Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 Fed. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C.  Subject-Matter Jurisdiction

As an initial matter, the court must determine whether it has subject-matter jurisdiction over this action. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *see also Bender v. Williamsport Area Sch.*

*Dist.*, 475 U.S. 534, 541 (1986)("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."); *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982)("Federal courts are courts of limited jurisdiction. The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1. Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction."); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 ("It is a fundamental precept that federal courts are courts of limited jurisdiction.").

Federal courts are obliged to act *sua sponte* whenever a question about jurisdiction arises. *See, e.g., Ins. Corp. of Ireland, Ltd.*, 456 U.S. at 702 (stating that "a court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion"); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10 (1938); *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009)("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*."). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at

any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

In his complaint, Hayes alleges the following bases for this court's jurisdiction:

> This matter is brought before this court pursuant to The Racketeer Influenced and Corrupt Organization (RICO) Act, under 18 U.S.C. § 1964(c), 18 U.S.C. §§ 1961-1968, as amended, and 42 U.S.C. § 1983. The Western District Federal Court of The State of Tennessee has jurisdiction in this matter pursuant to 18 U.S.C. § 1964(a), 28 U.S.C. § 1331 and 1339. To wit remedy can be obtained through Title 42 U.S.C. 1983 and 1988.

(Compl. 3, ECF No. 1.) In essence, Hayes alleges that this court has jurisdiction pursuant to 18 U.S.C. § 1964(a) (RICO claims), 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1339 (jurisdiction of postal matters); and 42 U.S.C. §§ 1983 and 1988 (civil rights). (*See id.*) Although Hayes alleges various statutory bases for jurisdiction in this paragraph alone and cites numerous federal statutory provisions in his complaint, the only possible basis for jurisdiction is federal question under 28 U.S.C. § 1331. For purposes of this screening, the court will assume jurisdiction is based on federal question jurisdiction and will examine the complaint to determine if Hayes states any viable claim under any federal law.

D.  <u>Hayes's "First Cause of Action" – "Fraudulent conveyance, unlawful conversion of property and remedy per 42 U.S.C.A. 1988"</u>

For this cause of action, Hayes appears to be claiming the subject real property was sold without his approval and consent as a lienholder on the property thus constituted an unlawful conveyance or conversion and an interference with his contractual security agreement. First, both Hayes's claim of fraudulent conveyance/unlawful conversion and interference with contractual relationship would be considered state tort claims and cannot form the basis of federal jurisdiction. Second, Hayes has not alleged sufficient facts to support his conclusory claims that erroneous information was provided to the Chancery Court, that he was the true owner of the property for purposes of pleading an action for conversion or interference with contractual relationship, or that he had a valid lien on the subject real property. Nor does he identify the existence of a binding contract with which the defendants interfered. Moreover, conversion is the appropriation of a chattel, *i.e.* personal property, not real property. Black's Law Dictionary, 402 (6th Ed. 1990). Thus, Hayes fails to state a claim for conversion and unlawful interference with contract, and these claims are not bases for federal-question jurisdiction.

Hayes reference to a "remedy per" 42 U.S.C. § 1988 makes no sense. 42 U.S.C. § 1988 provides in pertinent part:

> The jurisdiction in civil . . . matters conferred on the district courts by [the Civil Rights Acts] . . .

for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies . . . , the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil . . . cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause . . . .

42 U.S.C. § 1988. This statute does not itself provide a cause of action. *Moor v. Alameda Cnty.*, 411 U.S. 693, 710 (1973); *Henderson v. Reyda*, 192 F. App'x 392, 397 (6th Cir. 2006); *Vaughan v. City of Shaker Heights*, No. 1:10-CV-0609, 2011 WL 5966808, at *1 n.2 (N.D. Ohio Aug. 30, 2011), *report and recommendation adopted*, 2011 WL 5966732 (N.D. Ohio Nov. 28, 2011), *overruled on other grounds by* 514 F. App'x 611 (6th Cir. 2013); *Cortis v. City of Coleman*, No. 10-13261-BC, 2011 WL 1518901, at *6 (E.D. Mich. Apr. 20, 2011). Section 1988(a) merely "instructs federal courts as to what law to apply in causes of action arising under federal civil rights acts." *Moor*, 411 U.S at 703. Neither unlawful conveyance nor conversion nor interference with a contractual relationship arises under the federal civil rights acts. Accordingly, it is recommended that any claim under 42 U.S.C. § 1988 be dismissed against all the defendants for failure to state a claim, and

that Hayes's "First Cause of Action" be dismissed in its entirety for failure to state a claim.

E.  Hayes's "Second Cause of Action" – "For violation of Title 42 U.S.C. §§ 1981, 1983, violation of Title 18 U.S.C.A. 241, 242, violation of the Sherman Act 15 U.S.C. 1-7, Clayton Act, 15 U.S.C. 12-27 antitrust laws, Violation of U.S.C.A. for Mail Fraud 18 USCA §1341-1347, Wire Fraud 18 USCA §1343 and remedy per Title 42 U.S.C.A. 1988"

1.  *42 U.S.C. § 1981*

This section proscribes discrimination against persons of any race or national origin and deals with protection of certain civil rights, including the right to make and enforce contracts, to sue, and to give evidence.  42 U.S.C. § 1981.  Hayes claims to be of American Indian ancestry.  The only claim alleged by Hayes of discriminatory treatment based on his national origin is against Leatherwood for filing "financing statements of American Indians under miscellaneous" on February 8, 2010. (Compl. 7, ECF No. 1.)  Hayes does not set forth any factual allegations in his complaint to support his conclusory claim, nor does he allege that the financing statements of persons of other ancestries were filed or categorized in a different manner or that Leatherwood or his agents knew he was of American Indian ancestry.  Thus, Hayes fails to state a claim under § 1981 against any of the defendants.

Additionally, Hayes's claim under § 1981 is time-barred by the applicable statute of limitations.  "Because § 1981 . . .

14

does not contain a statute of limitations, federal courts should select the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.,* 482 U.S. 656, 660 (1987). The Sixth Circuit has held that a state's limitations period for personal injury actions is "the most analogous statute" to § 1981. *Johnson v. Ry. Express Agency, Inc.,* 489 F.2d 525, 529 (6th Cir. 1973). Since Tennessee has a statute which provides that civil actions brought under the federal civil rights statutes shall be commenced within one year after the cause of action accrued, Tenn. Code Ann. § 28-3-104 (1985), federal courts have traditionally applied the one-year statute of limitations to section 1981 claims arising in Tennessee. *See Cox v. Shelby State Cmty. Coll.,* 48 F. App'x 500, 507 (6th Cir. 2002).

The lien at issue was recorded on February 18, 2010, and the statute of limitations for a constitutional violation would have begun running on that day and would have expired on February 18, 2011. Hayes did not file his complaint in this lawsuit until May 16, 2014, which was well past the filing deadlines for a claim under section 1981.

2. *42 U.S.C. § 1983*

In order "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged

deprivation was committed by a person acting under color of state law." *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1244 (6th Cir. 1989)(quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). Two of the defendants named in the complaint – Cowans and Rinok - are private individuals and/or companies. In general, private individuals and companies do not act under color of state law. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 840-42 (1982)(holding that private school's decisions not attributable to state despite extensive state regulation of school); *Blum v. Yaretsky*, 457 U.S. 991, 1008-12 (1982)(holding that nursing home not a state actor despite extensive state regulation of the industry); *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 358-59 (1974)(holding that heavily regulated electric company's decision is not a state action); *Adams v. Vandemark*, 855 F.2d 312, 317 (6th Cir. 1988)(holding private corporation not a state actor despite being subject to state regulation); *Hayes v. Allstate Ins. Co.*, 95 F. Supp. 2d 832, 836 (W.D. Tenn. 2000)(citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999))(holding that action of private, state-regulated insurance company not under color of state law). There are no factual allegations whatsoever in the complaint that reasonably suggest that Cowans and Rinok engaged in conduct that could be construed as "state action." Accordingly, it is recommended that any claim under 42 U.S.C. § 1983 against Cowans and Rinok

be dismissed for failure to state a claim.

When a § 1983 claim is made against a municipality, the court must analyze two distinct issues: (1) whether plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

A governmental entity such as Shelby County Register's office or the Shelby County Trustee's office "cannot be held liable *solely* because it employs a tortfeasor - or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691 (1978)(emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988)(quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-480 (1986))(emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link

between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003)(citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "Where a government 'custom has not received formal approval through the body's official decisionmaking channels,' such a custom may still be the subject of a § 1983 suit." *Alkire*, 330 F.3d at 815 (quoting *Monell*, 436 U.S. at 690-91). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981)(citation omitted)).

In the instant case, Hayes has not alleged that the governmental entity defendants acted pursuant to a municipal policy or custom in causing him a deprivation of a constitutional right. Consequently, the complaint fails to establish a basis for liability against any governmental entity such as the Shelby County Register or Trustee or the County itself.

Additionally, Hayes's claim under § 1983 is time-barred by the applicable statute of limitations. Actions under § 1983 are governed by state statutes of limitations. *Wilson v. Garcia*, 471 U.S. 261, 269 (1985). Actions for personal injuries in Tennessee have a one-year limitation period. Tenn. Code Ann. § 28-3-104(a); *see also Moore v. Potter*, 47 F. App'x 318, 320 (6th Cir. 2002)("The appropriate statute of limitations for personal injury actions arising in Tennessee and brought under the federal civil rights statutes is one year." (citations omitted)). In Tennessee, civil actions for compensatory damages or injunctive relief brought under the federal civil rights statutes must be commenced within one year of the accrual of the cause of action. *Irick v. Ray*, 628 F.3d 787, 798 (6th Cir. 2010)(citing *Cox v. Shelby State Cmty. Coll.*, 48 F. App'x 500, 506-07 (6th Cir. 2002)). "The statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.* at 273 (citations omitted). "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* In particular, § 1983's statute of limitation period begins on the date of the constitutional violation. *See Cooey v. Strickland*, 479 F.3d 412 (6th Cir. 2007)(explaining that the statute of limitations period begins "when the plaintiff knows or has reason to know that the act

providing the basis of his or her injury has occurred")(citations omitted).

The only relevant allegations for a § 1983 claim are Hayes's claims that he was denied due process by the Chancery Court during the tax sale proceedings and that he was denied equal protection of the law by Leatherwood who filed his lien under "miscellaneous," all in violation of his constitutional rights. The most recent action taken by the Chancery Court was the transfer of the subject property on March 4, 2013 by a Clerk and Master's Tax Deed. Thus, the statute of limitations for a constitutional violation would have begun running at the latest on that day and expired on March 4, 2013. Similarly, the lien at issue was recorded on February 18, 2010, and the statute of limitations for a constitutional violation would have begun running on that day and would have expired on February 18, 2011. Hayes did not file his complaint in this lawsuit until May 16, 2014, which was well past the filing deadlines for claims under § 1983. Consequently, Hayes's § 1983 claims are untimely.

It is therefore recommended that any claim under 42 U.S.C. § 1983 be dismissed against all defendants for failure to state a claim.

3. *42 U.S.C. § 1988*

In his "Second Cause of Action," Hayes again references a "remedy per" 42 U.S.C. § 1988. Because Hayes has failed to

state a claim for violation of his civil rights, this section is inapplicable. Accordingly, it is recommended that any claim under 42 U.S.C. § 1988 in the "Second Cause of Action" be dismissed against all the defendants for failure to state a claim.

4. *18 U.S.C. §§ 241, 242*

These two statutes provide that conspiratorial actions to interfere with a person in the free exercise or enjoyment of any constitutional right or privilege is a crime subject to fines and imprisonment. These statutes do not provide for a civil cause of action. Accordingly, Hayes fails to state a claim for which relief can be granted for violation of these two criminal statutes.

5. *Sherman and Clayton Act Antitrust Claims*

Hayes's "Second Cause of Action" purports to raise claims, presumably against all the defendants, for violation of the Sherman Act and the Clayton Antitrust Act, but, other than citing to these statutes, Hayes fails to identify any anti-competitive conduct on the part of any defendants on which to base a cause of action under these federal antitrust statutes. Hayes has not pled any plausible entitlement to relief under either the Clayton Act or the Sherman Act.

6. *Violations of Criminal Statutes*

In his complaint, Hayes states:

> Plaintiff asserts that this cause of action arises as a result of the damages intentionally caused by the defendants' willful and malicious conduct to conspire and commit theft of property under FRAUD and DECEPTION, by Mail Fraud Title 18 USCA §1341-1347, Wire Fraud Title 18 USCA §1343.

(Compl. 13, ECF No. 1.)   This is a civil action.   Absent a private right of action, a plaintiff cannot recover civilly for violation of a criminal statute. *Collins v. Mortg. Elec. Registration Sys., Inc.*, No. 3:11-cv-00264, 2012 WL 610191, at *4 (M.D. Tenn. Feb. 24, 2012)(dismissing plaintiff's claims for criminal forgery and criminal grading of theft offenses in civil action), *report and recommendation adopted*, 2012 WL 848041 (M.D. Tenn. Mar. 12, 2011).   In addition, an individual cannot file criminal charges.   Therefore, it is recommended that Hayes's claims for violations of these criminal statutes be dismissed for failure to state a claim.

F.   Hayes's "Third Cause of Action"-"Violation of The Racketeer Influenced and Corrupt Organization (RICO) Act, under 18 U.S.C. §1964(c), 18 U.S.C. §§ 1961-1968 remedy per Title 42 U.S.C.A. 1988."

For his "Third Cause of Action," Hayes alleges that:

> The named Defendants engaged in a scheme to deprive the Plaintiff, who had a perfected, priority lien on the collateral referenced throughout this complaint, of that collateral without obtaining property transfer statements from the Plaintiff, by resorting to a number of predicated criminal offense committed in furtherance of the illegal scheme.

(Compl. 14-15, ECF No. 1.)   In his complaint, Hayes lists a

number of state and federal criminal statutes that he alleges the defendants violated, including but not limited to, mail fraud, wire fraud, perjury, falsifying records, removing records, extortion, theft of property, offenses against property, and false entries and reports of moneys or securities. (*Id.* at 6.)

Hayes is proceeding under § 1964(c), RICO's provision authorizing civil suits for a violation of 18 U.S.C. § 1962. It provides, in pertinent part:

> Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court . . . .

> 18 U.S.C. § 1964(c). To establish a violation of section 1962,[2] a plaintiff must show: "(1) that there were two or more predicate offenses; (2) that an 'enterprise' existed; (3) that there was a nexus between the pattern of racketeering activity and the enterprise; and (4) that an injury to business or property occurred as a result of the above three factors." *VanDenBroeck v. CommonPoint Mortg. Co.*, 2010 F.3d 696, 699 (6th Cir. 2001). An "enterprise" can be proven by showing that a group of persons formed an ongoing organization; (2) that they functioned as a continuing unit; and (3) that the

---

[2]     18 U.S.C. § 1962(c) provides:

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

organization was separate from the pattern of
racketeering activity in which it engaged. *Id*. RICO
defines racketeering activity to include any act that
is indictable under certain provisions of title 18 of
the United States Code, including wire fraud, 18
U.S.C. § 1343, and mail fraud, 18 U.S.C. § 1341.

The complaint contains insufficient factual allegations
that support the elements of a civil RICO cause of action.
Although Hayes alleges a pattern of racketeering activity and a
scheme, there are no factual allegations of an ongoing
organization or continuing unit which would constitute an
enterprise.

In addition, a civil RICO claim based on allegations of
fraud must also comply with the particularity pleading
requirement of Rule 9 of the Federal Rules of Civil Procedure.
*Brown v. Cassens Transp. Co.*, 546 F.3d 347, 356 n.4 (6th Cir.
2008); *Blount Fin. Servs., Inc. v. Walter E. Heller & Co.*, 819
F.2d 151, 152-53 (6th Cir. 1987); *Flores v. Emerich & Fike*, 416
F. Supp. 2d 885, 911 (E.D. Cal. 2006). Rule 9 requires that,
"[i]n alleging fraud or mistake, a party must state with
particularity the circumstances constituting fraud or mistake."
"The Plaintiff[] must plead more than a generalized grievance
against a collective group of Defendants in order to meet the
requirements of FRCP 9(b)." *Masterson v. Meade Cnty. Fiscal
Court*, 489 F. Supp. 2d 740, 749 (W.D. Ky. 2007)(citing *United
States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634,

643 (6th Cir. 2003)).

To comply with Rule 9(b), a complaint alleging a fraudulent representation "must '(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008)(quoting *Gupta v. Terra Nitrogen Corp.*, 10 F. Supp. 2d 879, 883 (N.D. Ohio 1998)). A plaintiff must, "[a]t a minimum," "allege the time, place and contents of the misrepresentations." *Id.* (citing *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984)). "Generalized and conclusory allegations that the Defendants' conduct was fraudulent do not satisfy Rule 9(b)." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). A plaintiff who asserts a claim based on a failure to disclose must plead all the elements with particularity. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1297, at 72-73, 101 (3d ed. 2004).

In his complaint, Hayes fails to identify any specific false statement or representation allegedly made by any defendant, and much less the time and date of any false representation. Hayes's complaint merely alleges "fraud and deception" and includes no factual allegations. Accordingly, Hayes fails to plead fraud with the particularity required by

Rule 9.

For the foregoing reasons, Hayes fails to state a civil RICO claim and therefore his claim under RICO cannot form the basis for federal-question jurisdiction.

E.  Remaining State-Law Claims

Hayes purports to assert claims under the Uniform Commercial Code, various state statutes, and for conversion and unlawful interference with contractual relationships.

As discussed above, the court has determined that every federal claim asserted by Hayes should be dismissed for failure to state a claim.  Without a basis for federal jurisdiction, the court should not exercise supplemental jurisdiction over any state-law claims brought by Hayes.  *See* 28 U.S.C. § 1367(c)(3)("The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction.").  Accordingly, it is recommended that any remaining state-law claims be dismissed pursuant to 28 U.S.C. § 1367(c)(3).

F.  Hayes's Motion for Removal

In his Notice to Remove, Hayes "motions the court for federal question concerning a fraudulent detainer warrant in the Shelby County Court General Sessions Division 4, Case No. 651681460," which was filed by Cowans for the subject property.

(Notice of Removal 1, ECF No. 5.)    He references 28 U.S.C. §
1441 as a potential avenue for removal of the detainer warrant
but does not specify which subsection he is proceeding under.

Subsection (a) of 28 U.S.C. § 1441 governs removals based
on federal question jurisdiction.    Under 28 U.S.C. § 1441(a),
"[e]xcept as expressly provided by Act of Congress, any civil
action brought in a State court of which the district courts of
the United States have original jurisdiction, may be removed by
the defendant or the defendants, to the district court of the
United States for the district and division embracing the place
where such action is pending."    A federal district court has
federal-question jurisdiction over "all civil actions arising
under the Constitution, laws, or treaties of the United States."
28 U.S.C. § 1331.    "Whether a claim presents a federal question
is determined by looking to the plaintiff's statement of his own
claim."    *Lexington-Fayette Urban Cnty. Gov't Civil Serv. Comm'n
v. Overstreet*, 115 F. App'x 813, 816 (6th Cir. 2004)(internal
quotation marks omitted).    "[T]he principle governing removal is
this: the right or immunity created by the Constitution, a
treaty, or other federal law that is claimed to provide the
basis for bringing the state court case into the federal system
by way of removal be an essential element of the plaintiff's
properly pleaded claim for relief."    14B Charles Alan Wright,

Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, Federal
Practice and Procedure § 3722 (4th ed. 2009).

> In determining whether a claim arises under federal
> law, we look only to the well-pleaded allegations of
> the complaint and ignore potential defenses that the
> defendant may raise. Even defenses that rely on the
> preclusive effect of a prior federal judgment or the
> pre-emptive effect of a federal statute, or that are
> anticipated in the plaintiff's complaint are
> irrelevant, as they do not form part of a plaintiff's
> properly pleaded statement of his or her claim.
> Although the well-pleaded-complaint rule focuses on
> what the plaintiff alleges, it allows a court to look
> past the words of a complaint to determine whether the
> allegations, no matter how the plaintiff casts them,
> ultimately involve a federal question. In addition to
> causes of action expressly created by federal law,
> federal-question removal thus also reaches ostensible
> state-law claims that (1) necessarily depend on a
> substantial and disputed federal issue, (2) are
> completely preempted by federal law or (3) are truly
> federal-law claims in disguise.

*Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474-75 (6th Cir.
2008)(internal quotation marks, alterations & citations
omitted).

Although Hayes did not attach a copy of the detainer
warrant, according to the official records of the General
Sessions Court of Shelby County, Tennessee, no federal question
appears on the face of the detainer warrant. (Case No.
16181460.) Additionally, the law is clear that federal-
question jurisdiction over a removed action cannot be based on a
counterclaim.

> [T]he federal contention or right that provides the
> predicate for removal must not be asserted as part of

> an issue that is merely collateral or incidental to a
> claim that is based primarily in state law, nor can
> the federal issue appear for the first time in the
> defendant's answer, by way of defense.  Neither is it
> sufficient for the federal issue to enter the case
> through a counterclaim asserted by the defendant.

14B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, Federal Practice and Procedure § 3722 (4th ed. 2009); *see also Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009) ("[C]ounterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance."); *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831-32 (2002)(stating that a counterclaim cannot service as a basis for a district court's jurisdiction under 28 U.S.C. § 1331).  Therefore, Hayes cannot establish federal-question jurisdiction.

28 U.S.C. § 1441(b) governs removals based on diversity of citizenship.  Diversity of citizenship means that the action is between "citizens of different States."  28 U.S.C. § 1332(a). According to 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  A federal court has jurisdiction under § 1332 only if there is "complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)

(citations omitted). "To establish diversity jurisdiction, one must plead the citizenship of the corporate and individual parties." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983); *see also Johnson v. New York*, 315 F. App'x 394, 395 (3d Cir. 2009)(per curiam); *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987)(complaint did not properly allege diversity jurisdiction); *Leys v. Lowe's Home Ctrs., Inc.*, 601 F. Supp. 2d 908, 912-13 (W.D. Mich. 2009)(complaint and notice of removal did not adequately establish diversity jurisdiction); *Ellis v. Kaye-Kibbey*, No. 1:07-cv-910, 2008 WL 2696891, at *2-3 (W.D. Mich. July 1, 2008)(dismissing complaint for failure adequately to allege facts establishing diversity of citizenship despite conclusory allegation that diversity exists); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1208 (3d ed. 2004).

In his complaint, the only residential and mailing addresses Hayes provides are Tennessee addresses. (*Id.* at 1, 2, 6.) As a general rule, the place where a person lives is taken to be his proper domicile until the evidence establishes the contrary. *Dist. of Columbia v. Murphy*, 314 U.S. 441, 455 (1941). In the Sixth Circuit, "[s]tate citizenship for the purpose of the diversity requirement is equated with domicile." *Farmer v. Fisher*, 386 F. App'x 554, 557 (6th Cir. 2010).

Because Hayes has not satisfied his evidentiary burden of establishing that his place of citizenship is different from that of his domicile, the court will treat Hayes as a citizen of Tennessee. In his complaint, Hayes alleges that Cowans is a citizen of Tennessee. Because the parties to this action are citizens of the same state, federal subject matter jurisdiction may not be asserted through diversity jurisdiction.

Additionally, Hayes is barred from removing this action to federal court by 28 U.S.C. § 1441(b)(2) because he is a citizen of Tennessee. That statute provides: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." As a Tennessee citizen who was sued in a Tennessee state court, Hayes is barred from removing this action under 28 U.S.C. § 1441(b)(2).

Thus, for the various reasons discussed above, the court lacks subject matter jurisdiction, and Hayes's motion for removal should be denied.

## III. RECOMMENDATION

In sum, Hayes has failed to state in his complaint any viable claim arising under any federal law, and therefore the court lacks subject-matter jurisdiction under 28 U.S.C. § 1331.

Assuming the court has jurisdiction under 28 U.S.C. § 1331, Hayes has failed to state a claim for which relief can be granted under any of the federal statutes referenced in his complaint.

For the foregoing reasons, it is recommended that the complaint be dismissed *sua sponte* for lack of subject-matter jurisdiction, pursuant to Rules 12(b)(1) and (h)(3) of the Federal Rules of Civil Procedure, and/or that the purported federal claims be dismissed for failure to state a claim pursuant to Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2) as to all the defendants, that the court decline jurisdiction over the remaining state law claims based on 28 U.S.C. § 1367(c)(3), and judgment be entered for all the defendants. It is further recommended that Hayes's motion for removal be denied.

Respectfully submitted this 5th day of June, 2014.

s/Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. FED. R. CIV. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.